**BURCH & CRACCHIOLO, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 1700
PHOENIX, AZ 85004
TELEPHONE 602.274.7611

Ryan W. Anderson (Ariz. No. 020974)
Shawn A. McCabe (Ariz. No. 032402)
Email: randerson@bcattorneys.com
Email: smccabe@bcattorneys.com

Attorneys for Anthony H. Mason, the Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Alkaline 88, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 2:23-bk-08867-MCW<br><br>**STIPULATION FOR SURCHARGE UNDER 506(C) BETWEEN TRUSTEE AND eCAPITAL HEALTHCARE CORP.** |

Anthony H. Mason, the Chapter 7 Trustee Chapter 7 Trustee herein (the "Trustee") and secured creditor eCapital Healthcare Corp. ("eCapital") the ("Parties") hereby stipulate and agree as follows and request that the Court approve such agreement:

1. On or about December 11, 2023 (the "Petition Date"), an Involuntary Petition Against a Non-individual under Chapter 7 of the Bankruptcy Code was filed against Alkaline 88, LLC (the "Debtor").

2. On January 24, 2024, this Court entered its *Order for Relief under Chapter 7 of the Bankruptcy Code* [Docket Entry "DE" No. 8], and thereafter, Anthony H. Mason was appointed as the Chapter 7 Trustee of Debtor's bankruptcy estate.

3. On January 25, 2024, the Court entered its *Order Directing Debtor to File Required Documents* [DE No. 9], directing the Debtor to file a Master Mailing List within seven (7) days and to file all Schedules and the Statement of Financial Affairs ("Statements and Schedules") within fourteen (14) days.

4. On February 16, 2024, this Court entered its *Order Granting Trustee's Motion for Bankruptcy Rule 2004 Examination and Production of Documents by Debtor* [DE No. 31] and *Order Granting Trustee's Motion for Bankruptcy Rule 2004 Examination and Production of Documents by David Guarino* [DE No. 30].

5. On or about April 8, 2024, David Guarino, as a representative of the Debtor, provided the Trustee with completed Statements and Schedules and a Master Mailing list, which the Trustee filed [See DE 58 and DE 59].

6. In its Statements and Schedules, the Debtor disclosed that it owned certain property, including a stream of income from a "License" with "Clean Bottling" valued at $11,400,000.00; inventory valued at $344,822; and accounts receivable valued at $2,558,219.00 (collectively and together with any and all other property of any kind owned by the Debtor, the "Property").

7. In the Schedules and Statements, the Debtor disclosed that all of the Property is encumbered by a lien in the amount of $4,861,965.25 in favor of eCapital. A review of the public records indicates that on November 15, 2022, a UCC-1 financing statement was recorded by eCapital (#202200687897), memorializing a blanket security interest in all property of the Debtor. eCapital has advised the Trustee, and the Trustee agrees and

acknowledges that as of the date of this Stipulation, eCapital is owed $5,980,279.88 *plus* accrued and accruing fees, interest, and expenses (the "eCapital Claim Amount"). The Trustee agrees that eCapital has an allowed claim in the amount of the eCapital Claim Amount. Further, the Trustee agrees and acknowledges that eCapital has a properly perfected first priority lien, which attaches to all of the Property in addition to any proceeds thereof recovered on account of claims brought by the Trustee under Chapter 5 of the Bankruptcy Code. Under the terms of the *Credit and Security Agreement* by and among Alkaline 88, LLC, Alkaline Water Corp, the Alkaline Water Company Inc., and eCapital Healthcare Corp. (as amended, the "Credit Agreement"), eCapital is entitled to prepetition and postpetition interest, fees, and expenses.

8. While disclosing to the Trustee the existence of the Property, the Debtor has been unable to provide the Trustee with any material information that would allow these assets to be easily liquidated, including being unable to produce the most basic accounting documents, including an accounts receivable aging report. Accordingly, the Trustee has significant doubts about the veracity of the financial information being provided by the Debtor to the Trustee regarding the existence and value of the Property. In addition to the Debtor's assets which have been disclosed, the Trustee expects to conduct a significant investigation into the Debtor's financial affairs, including the licensing agreement with Clean Bottling Inc. Moreover, during the Trustee's review of public records, he located a series of UCC-1 financing statements for the benefit of several undisclosed secured creditors

3

purportedly having a secured interest in all of the Property or a single piece of equipment of the Debtor.

9. The Trustee has located the following potential secured creditors in the following order of perfection:

A. **DeLage Laden Financial Services Inc.** On September 25, 2020, DeLage Laden Financial Services Inc. recorded a UCC-1 against "all equipment leased or financed" pursuant to "Secured Party's Contract Number 500-50150150 of the Debtor. The Debtor has not disclosed ownership of any "equipment," and the Trustee has been advised that the Debtor does not have own or have possession of any equipment.

B. **PNC Equipment Finance, LLC.** On March 5, 2021, PNC Equipment Finance, LLC recorded a UCC-1 against "Lessee's items of equipment," specifically a 2021 Mitsubishi Forklift. The Debtor has not disclosed ownership or possession of any equipment or a 2021 Mitsubishi Forklift[1].

C. **eCapital Healthcare Corp.** On November 15, 2022, eCapital Healthcare Corp. recorded a blanket UCC-1 against all assets of the Debtor, including all deposit accounts, accounts receivable and inventory.

D. **Corporation Service Company**. On April 18, 2023, The Corporation Service Company "as Representative" recorded a blanket UCC-1 against all assets of the Debtor and what appears to be a series of related entities, including Alkaline Water Company, The Alkaline Water Company, Alkaline 84, LLC and The Alkaline Water Company Inc. The

---

[1] PNC Bank NA, successor to PNC Equipment Finance, LLC, filed a Motion for Relief from the Automatic Stay on April 16, 2024 relating to the Forklift.

Debtor did not disclose the Corporation Service Company "as Representative" as a creditor in this case, but did disclose that the Debtor had other secured creditors including Infusion Capital, Shine Capital Group and AI Group Inc.

E. **Corporation Service Company**. On April 21, 2023, The Corporation Service Company "as Representative" recorded another blanket UCC-1 against all assets of the Debtor and what appears to be a series of related entities, including Alkaline Water Company, The Alkaline Water Company, Alkaline 84, LLC and The Alkaline Water Company Inc. The Debtor did not disclose the Corporation Service Company "as Representative" as a creditor in this case, but did disclose that the Debtor had other secured creditors including Infusion Capital, Shine Capital Group and AI Group Inc.

F. **CT Corporation System**. On April 25, 2023, The CT Corporation System "as Representative" recorded a blanket UCC-1 against all assets of the Debtor and apparent related entities, The Alkaline Water Company Inc. and Alkaline Water Corp. The Debtor did not disclose CT Corporation System as a creditor in this case but did disclose that the Debtor had other secured creditors, including Infusion Capital, Shine Capital Group, and AI Group Inc.

G. **CT Corporation System**. On May 8, 2023, The CT Corporation System "as Representative" recorded a blanket UCC-1 against all assets of the Debtor and apparent related entities, The Alkaline Water Company Inc. and Alkaline Water Corp. and a series of apparent unrelated entities, including Cold Stone Creamery Inc. and Kahala Management, LLC, The Debtor did not disclose CT Corporation System as a creditor in this case but did

5

Case 2:23-bk-08867-MCW    Doc 79    Filed 05/13/24    Entered 05/13/24 11:07:51    Desc
Main Document    Page 5 of 13

disclose that the Debtor had other secured creditors including Infusion Capital, Shine Capital Group and AI Group Inc.

H. **CT Corporation System**. On June 26, 2023, The CT Corporation System "as Representative" recorded a blanket UCC-1 against all assets of the Debtor and apparent related entities, The Alkaline Water Company Inc. and Alkaline Water Corp. and twenty-five apparent unrelated entities, including Kahala Management, LLC, Malibu Smoothie Franchise Corp., David Alan Guarino, and Fresh Enterprises, LLC. The Debtor did not disclose CT Corporation System as a creditor in this case but did disclose that the Debtor had other secured creditors, including Infusion Capital, Shine Capital Group, and AI Group Inc.

I. **CT Corporation System**. On June 28, 2023, The CT Corporation System "as Representative" recorded a blanket UCC-1 against all assets of the Debtor and apparent related entities, The Alkaline Water Company Inc. and Alkaline Water Corp. twenty-five apparent unrelated entities, including Kahala Management, LLC, Malibu Smoothie Franchise Corp., David Alan Guarino, and Fresh Enterprises, LLC. The Debtor did not disclose CT Corporation System as a creditor in this case but did disclose that the Debtor had other secured creditors, including Infusion Capital, Shine Capital Group, and AI Group Inc.

J. **eCapital Healthcare Corp**. On June 28, 2022, eCapital Healthcare Corp. recorded a second blanket UCC-1 against all the Debtor's assets, including all deposit accounts, accounts receivable, and inventory.

K**. Corporation Service Company**. On September 14, 2023, The Corporation Service Company "as Representative" recorded a UCC-1 against "assets" of the Debtor. The

6

Case 2:23-bk-08867-MCW    Doc 79    Filed 05/13/24    Entered 05/13/24 11:07:51    Desc
Main Document    Page 6 of 13

Debtor did not disclose the Corporation Service Company "as Representative" as a creditor in this case but did disclose it had other secured creditors, Infusion Capital, Shine Capital Group, and AI Group Inc.

9. While the Debtor has a series of alleged secured creditors with blanket liens, based on the Trustee's review of the priority of the secured blanket liens, eCapital has a properly perfected first-priority lien on all of the Property.[2] eCapital's first-priority lien secures the eCapital Claim Amount.

10. Based on the foregoing and with the allowed eCapital Claim Amount, the Trustee does not know at this time whether the Property will have sufficient liquidation value to repay eCapital in full. Accordingly, the Trustee and eCapital agree that the Trustee may surcharge up to 5% of any proceeds recovered on account of the liquidation of the Property. The Trustee and eCapital further agree that, notwithstanding anything to the contrary in this Stipulation, eCapital's rights to file an emergency motion to lift the automatic stay (the emergency basis of which is agreed upon in advance by the Trustee and eCapital) and pursue any and all remedies available to it under the Credit Agreement and applicable law are fully reserved and preserved. eCapital's rights to credit bid for the Debtor's assets pursuant to section 363(k) of the Bankruptcy Code are fully reserved and preserved.

11. Moreover, the parties agree that the Trustee will incur fees and costs to preserve, protect, and liquidate the Property. The parties further agree that because eCapital has a first-priority lien in the Property, eCapital retains all of its rights against any third

---

[2] The two liens recorded before eCapital's blanket lien secured specific property that the Debtor has reported no longer exists.

parties, including junior lenders, that received proceeds of the Property in violation of the Uniform Commercial Code and eCapital's first-priority security interest.

12. The Parties have agreed the Trustee shall be able to apply a surcharge to the Property for all necessary, reasonable, and documented administrative fees and expenses approved under Bankruptcy Code §§330 or 331 that are incurred by the Trustee and his Court-appointed professionals in the above-captioned Chapter 7 bankruptcy proceeding with respect to the location, preservation, protection, collection, and liquidation of the Property that benefits eCapital pursuant to section 506(c) of the Bankruptcy Code.

13. In addition to the 5% Surcharge, until such time as eCapital has been paid the eCapital Claim Amount, the Trustee may maintain a reserve of up to $150,000 (the "Trustee Reserve Cap"), which shall be used for the payment of trustee fees and expenses (including legal expenses) (the "Trustee Reserve"). Following any draw by the Trustee from the Trustee Reserve on account of fees or expenses, the Trustee may retain the following amounts to replenish the Trustee Reserve up to the Trustee Reserve Cap: (i) up to $50,000 from each monthly royalty payment, and (ii) up to $100,000 collected each month from accounts receivable. On each anniversary of the entry of this Stipulation, the Trustee and eCapital shall revisit the Trustee Reserve Cap.

14. On the tenth day of each month (each such date, a "Remittance Date"), until such time as eCapital has been paid the eCapital Claim Amount, the Trustee shall file a motion seeking authority to remit to eCapital all cash received or held from any source (including, without limitation, whether from the royalty stream, accounts receivable,

8

avoidance action claims, or otherwise, and whether received prior to or following entry of this stipulation) by the Trustee in excess of the Trustee Reserve Cap.

15. Further, on the date of entry of this Stipulation, the first business day of each month, and at all other times as reasonably requested by eCapital, the Trustee shall provide an accounting of funds received by and disbursed from the Debtor's bank accounts and all payments applied to reduce eCapital's secured claim. To date, the Trustee has recovered and collected approximately $400,000 from Clean Bottling Inc.'s royalty payments stream (the "Previous Payment"). The Trustee may retain up to $150,000 of the Previous Payment to create the initial Trustee Reserve. As soon as reasonably practicable following the entry of this Stipulation, the Trustee shall remit any funds in excess of the Trustee Reserve and the 5% Surcharge for unsecured creditors to eCapital.

16. Except as permitted or required under the Credit Agreement, the Parties shall bear their own attorneys' fees and costs associated with this stipulation, and the Trustee shall file a motion for approval of this stipulation with the Bankruptcy Court and provide appropriate notice of the same. For the avoidance of doubt, to the extent legal fees and expenses are due to eCapital's advisors and counsel under the Credit Agreement, such counsel and advisors to eCapital shall not be required to file a motion for approval of, or application for, payment of, any fees or expenses.

17. The Parties acknowledge that this stipulation shall become binding only upon Bankruptcy Court approval. The stipulation shall become null and void if Bankruptcy Court approval is not granted.

9

Case 2:23-bk-08867-MCW    Doc 79    Filed 05/13/24    Entered 05/13/24 11:07:51    Desc
Main Document    Page 9 of 13

18. The stipulation contains the Parties' complete agreement, and no other document shall be relied upon by any party to supplement, modify, change, or effect the terms of the stipulation unless entered into after the date of the stipulation and signed by all parties thereto.

19. This stipulation shall be binding upon the Parties hereto, their successors and assigns. Nothing in this Stipulation or otherwise shall prevent eCapital from selling or otherwise assigning its rights under the Credit Agreement or its claim or rights in this Chapter 7 case.

20. The Parties agree that this stipulation may be signed in multiple counterparts, including facsimile copies, and all such counterparts taken together shall constitute one complete instrument.

21. Nothing in this stipulation, expressed or implied, is intended to confer any rights or remedies under or by reason of this stipulation on any person or entities other than the parties to this stipulation, nor is anything in this stipulation intended to relieve or discharge the obligation or liability of any third party or entity, not a party hereto.

22. Upon the entry of this Stipulation, the Trustee, on behalf of the estate, shall be deemed to have irrevocably waived and released all claims or causes of action against eCapital that existed as of the date of this Stipulation arising out of any action or omission by eCapital of any kind including but not limited to any legal or equitable claims based on federal or state law, any further surcharge claims, and any avoidance claims under Chapter 5 of the Bankruptcy Code.

23. The U.S. Bankruptcy Court shall have exclusive jurisdiction to resolve all disputes regarding the interpretation and enforcement of this stipulation.

24. The Parties request the Court, after appropriate time has elapsed to consider the Stipulation for Surcharge between the Trustee and eCapital, enter an order approving the same.

Dated this 13th day of May 2024.

BURCH & CRACCHIOLO, P.A.

*/s/ Ryan W. Anderson*
Ryan W. Anderson
Attorneys for the Trustee

eCAPITAL HEALTHCARE CORP.

*/s/ Edward J. Green (with permission)*
Edward J. Green (admitted *pro hac vice*)
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500 / Fax: (312) 832-4700
egreen@foley.com

Jake William Gordon (admitted *pro hac vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226-3489
Tel: (313) 234-7100 / Fax: (313) 234-2800
jake.gordon@foley.com

Robert M. Charles, Jr.
Lewis Roca Rothgerber Christie LLP
One South Church Ave., Suite 200
Tucson, Arizona 85701-1611
Email: rcharles@lewisroca.com

*Attorneys for eCapital Healthcare Corp.\**

| | |
|---|---|
| 1 | Copy of the foregoing emailed if marked with an "*" or otherwise mailed on May 13th, 2024, |
| 2 | to: |
| 3 | Alkaline 88, LLC<br>8541 E Anderson Drive, Suite 100 |
| 4 | Scottsdale, AZ 85255<br>*Debtor Pro Se* |
| 5 | |
| 6 | Chris D. Barski, Esq.<br>Barski Law PLC<br>9332 N. 95th Way, Suite 109 |
| 7 | Scottsdale, Arizona 85258<br>cbarski@barskilaw.com |
| 8 | *Attorney for Clean Bottling Inc.\** |
| 9 | Randy Nussbaum<br>James S. Samuelson |
| 10 | Sacks Tierney P.A.<br>4250 North Drinkwater Blvd., Fourth Floor |
| 11 | Scottsdale, Arizona 85251-3647<br>Email: randy.nussbaum@sackstierney.com |
| 12 | Email: james.samuelson@sackstierney.com<br>*Attorney for Petitioning Creditors\** |
| 13 | |
| 14 | DeLage Laden Financial Services Inc.<br>1111 Old Eagle School Road<br>Wayne PA 19087 |
| 15 | |
| 16 | PNC Equipment Finance<br>655 Business Center Drive<br>Horsham PA 19044 |
| 17 | |
| 18 | eCapital Heathcare Corp<br>20807 Biscayne Blvd, Suite 203<br>Aventura OH 444143 |
| 19 | |
| 20 | Corporation Service Company, as Representative<br>P.O. Box 2576<br>Springfield, IL 62708 |
| 21 | |
| 22 | |

| | |
|---|---|
| 1 | CT Corporation System, as Representative<br>Attn: SPRS |
| 2 | 330 N. Brand Blvd, Suite 700<br>Glendale, CA 91203 |
| 3 | |
| 4 | Office of the United States Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706 |
| 5 | |
| 6 | <u>*/s/ Shawn A. McCabe*</u><br>3653-001(530704) |

13

Case 2:23-bk-08867-MCW    Doc 79    Filed 05/13/24    Entered 05/13/24 11:07:51    Desc
Main Document    Page 13 of 13