Chris D. Barski (024321)
**BARSKI LAW PLC**
9332 N. 95th Way, Suite 109
Scottsdale, AZ 85258
(602) 441-4700
cbarski@barskilaw.com
*Counsel for Clean Bottling*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| ALKALINE 88, LLC, | Case No. 2:23-bk-08867-MCW |
| Debtor. | **MOTION FOR RECONSIDERATION OF ORDERS APPROVING TRUSTEES MOTION TO APPROVES COMPROMISE AND NOTICE OF INTENT TO ABANDON PROPERTY** |

Clean Bottling Inc., through undersigned counsel, submits the following Motion for Reconsideration regarding this Court's Order Granting Motion to Approve Compromise/Settlement [DE 128] and Order Granting Abandonment of Machinery, Equipment and Raw Materials [DE 196] on the basis that on factually incorrect information supporting the Motion to Approve Compromise and the Order Granting Abandonment. This Motion is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Standard For Reconsideration

Debtor brings this Motion to alter the Court's ruling pursuant to Rule 59(e). The Ninth Circuit has held that the need to correct clear or manifest error in law or fact is a sufficient bases to warrant reconsideration. *School Dist. No. 1J v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). A movant must come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). In this case, Clean Bottling purchased the Licensing Agreement from A1 Group and owns the right to buy the equipment

and was indeed finalizing the purchase when this case was filed. Mr. Natario misrepresented the validity of his former Licensing Agreement which was bought out by Clean Bottling and he in fact received consideration from Clean Bottling. As such, the predicate facts underlying the Motion to Approve Compromise [] and subsequent abandonment do not support the Court's findings.

### B. Factual Background and Summary of Argument

The Court approved the Trustee's Motion to Abandon at the hearing on December 10, 2024. At that hearing, Clean Bottling raised the prior buyout of Mr. Natario's Licensing Agreement and right to buy the equipment. This Motion sets forth a summary of those facts with appropriate exhibits as explained below.

Clean Bottling entered into an Exclusive Licensing, Co-Packing and Distribution Agreement dated October 17, 2023 ("CB Licensing Agreement"). The CB Licensing Agreement was premised on the use of Debtor's equipment at various locations for purposes of distribution. At the time of the Licensing Agreement, Debtor was covering the cost of servicing and maintaining these machines and equipment used for bottling and distribution.

The CB Licensing Agreement was entered into by buying out a previous Licensing Agreement between the Debtor and A1 Group. On or about October 2, 2023, Clean Bottling entered into a Memorandum of Understanding ("MOU") with Joel Natario and A1 Group whereby Clean Bottling would "purchase the licensing agreement between A1 Group, Inc. and Alkaline88 Water Company, Inc. (the "LICENSE AGREEMENT") for a total cost of five hundred US Dollars ($500,000.00)." **Exhibit "A".**

Yes the Trustee asserted, presumably based upon representations of Mr. Natario, that thehe A1 License Agreement gave A1 Group the right to purchase equipment of the Debtor and A1 Group was purported to have purchased the equipment as of September 1, 2023. See, e.g., Exhs. A-B of Motion to Abandon [DE 166].

Following the MOU, Clean Bottling purchased the A1 Licensing Agreement and entered into a nearly identical Licensing Agreement with the Debtor. **Exhibit "B"**, Licensing, Co-Packing and Distribution Agreement ("CB Licensing Agreement").

As part of this transaction, the A1 Licensing Agreement was terminated by agreement dated October 17, 2023. **Exh. "C"**, Termination of Licensing, Co-Packing and Distribution Agreement. Clean Bottling paid A1 Group and Mr. Natario $450,000 via wire on October 19, 2023. Clean Bottling paid NASDAQ $20,000 on October 18, 2023 on behalf of A1 Group. Clean Bottling also made a final payment of $30,000 via cashiers check to A1 Group and Mr. Natario for its rights for a total of $500,000. Clean Bottling further paid A1 Group and Mr. Natario $200,000 on October 20, 2023 as reimbursement for the licensing fee paid to Debtor for the October, 2023 monthly license fee.

Pursuant to the CB License Agreement, Clean Bottling was finalizing the terms of buyout required under the CB License Agreement at the time the order for relief was entered in this case. This included the equipment. Clearly the Debtor and Clean Bottling believed that (a) Debtor owned the equipment; and (b) Clean Bottling had a right to buy it under the Licensing Agreement.

Despite this, the Trustee sold the equipment to Mr. Natario upon the assumption that "A1 Group contends it is the rightful owner of the Debtor's machinery and equipment that is acquired under the Agreement and that the Debtor's significant amount of raw materials (bottles, caps, labels, etc.) in its co-packing plants across the country." See Motion to Approve Settlement, DE 109 at para. 9.

Accordingly, the Motion to Approve Settlement [DE 128] and Order Granting Abandonment [DE 196] are both predicated on an agreement which was bought out by Clean Bottling. The factual underpinnings of the Trustee's Motions related to the equipment were unfounded and based upon misrepresentations of Mr. Natario. To avoid this potential fraud on the Court, Clean Bottling requests the Court reconsider those motions and related rulings.

DATED this 31st day of December, 2024.

**BARSKI LAW PLC**

|   |   |   |
|---|---|---|
| 1 |   | By /s/ Chris Barski – 024321 |
| 2 |   | Chris Barski |
|   |   | *Attorney for Clean Bottling Inc.* |
| 3 |   |   |

ORIGINAL of the foregoing electronically
filed this 31st day of December, 2024, with:

Clerk of the United States Bankruptcy Court
District of Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003-1706
https://ecf.azb.uscourts.gov

COPY of the foregoing e-mailed
this same date, to:

Ryan W. Anderson
BURCH & CRACCHIOLO, P.A.
1850 NORTH CENTRAL AVENUE
SUITE 1700
PHOENIX, AZ 85004
randerson@bcattorneys.com
*Attorney for Trustee*

By: /s/ Danae Romero